1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10   DEANNE M. KROULIK, an unmarried person,

11              Plaintiff,

12        v.                                          Case No. C06-5388FDB

13   UNITED STATES OF AMERICA acting                  ORDER DENYING PLAINTIFF'S
     through the State Director, USDA Rural           MOTION FOR ORDER
14   Development, Rural Housing Service for the        RESTRAINING SALE
     State of Washington; and T.D. ESCROW
15   SERVICES, INC., d.b.a. T.D. SERVICE
     COMPANY, a Washington corporation,
16
                Defendants.
17

18                                    **INTRODUCTION**

19        This cause of action arises out of Plaintiff Kroulik's obtaining in 2003 a loan of about

20   $80,000 from the Single Family Housing Program of the U.S. Department of Agriculture's Rural

21   Housing Service (RHS).  Kroulik claims that she has overpaid on her loan and that RHS has failed to

22   properly credit her payments.  The United States contends that Kroulik is in arrears over $10,000.

23        Kroulik moves for an order restraining the sale of certain property (described in her motion),

24   commonly known as 127 First Street, Port Hadlock, Jefferson County, Washington.  She originally

25   filed her case in Jefferson County Superior Court, and the United States removed the matter to this

26   ORDER - 1

1    court.  In support of her motion, Kroulik submits her "Certified Statement."  Plaintiff contends that

2    her monthly payments were $453.41 and that it was to be subsidized for twenty-four months, thus,

3    lowering her monthly payment to $301.24.  For the eleven-month period of April 10, 2004 through

4    February 10, 2005, Kroulik contends that Exhibit # 4 shows that she paid $7,566.93 during that

5    eleven-month period, resulting in an overpayment of $4,253.29.  Kroulik admits that she has been

6    unable to make payments since February 17, 2005, but that applying the overpayment to that period,

7    she is in arrearage only $566.55, which sum she states that she has deposited into the Court Registry

8    in this cause number.  Thus, she contends that the house should not be sold at the Trustee's Sale.

9        The United States responds to Kroulik's motion contending that she is in arrears over

10   $10,000, that she has made sporadic and often insufficient payments on her loan,  that she has made

11   no payments at all since April 2005, that she failed to file an adequate application for a payment

12   moratorium from the Agency, despite multiple attempts of the RHS to help her to do so.  Moreover,

13   the United States argues that Kroulik has never properly served the USDA and/or RHS or the

14   Department of Justice with notice of this action.  Finally, the United States argues that there is no

15   reasonable likelihood that Kroulik will prevail on the merits of this cause of action.

16       The Court reviewed the briefs initially filed by the parties as well as the briefs subsequently

17   filed pursuant to this Court's Order Requiring Additional Briefing.

18                               **INJUNCTIVE RELIEF STANDARD**

19           To obtain a preliminary injunction, the moving party must show either (1) a
             combination of probable success on the merits and the possibility of irreparable injury
20           or (2) that serious questions are raised and the balance of hardships tips in its favor.
             *Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*, 584
21           F.2d 308, 314-15 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937, 99 S.Ct. 2065, 60
             L.Ed.2d 667 (1979).  These two formulations represent two points on a sliding scale
22           in which the required degree of irreparable harm increases as the probability of
             success decreases.  *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d
23           1374, 1376 (9th Cir. 1985).

24   *U.S. v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987).  S*ee also, Earth Island*

25   *Inst. v. U.S. Forest Service,* 351 F.3d 1291, 1297-98 (9th Cir. 2003).

26   ORDER - 2

1

**DISCUSSION**

2

### A.  Service of Process

3      It does not appear that Kroulik has properly served the United States and the Agency

4    pursuant to Fed. R. Civ. P. 4(i)(2)(A), which requires a summons and complaint against an agency of

5    the United States to be sent via registered or certified mail to the agency, as well as to the United

6    States Attorney and the Attorney General of the United States under Fed. R. Civ. P. 4(i)(1).  It also

7    appears, however, that there is still time to effect service.

8

### B.  Temporary Restraining Order

9      Defendants are seeking a non-judicial foreclosure of Kroulik's property under the

10   Washington Deed of Trust Act, RCW 61.24.  There is no dispute that the Defendants have the

11   authority to proceed with foreclosure under this statute absent a court order.

12

### 1. Likelihood of success on merits

13     The Defendants argue that Kroulik cannot show a likelihood of success on the merits or even

14   that there are "serious questions going to the merits" because she cannot demonstrate that she is not

15   in arrears.  Rebecca Cronquist, Single-Family Housing Technician with the Rural Housing Service,

16   United States Department of Agriculture submits her declaration, which sets forth the particulars

17   regarding Kroulik's loan, including the amount of her monthly payment. Kroulik's payment history,

18   and Kroulik's attempts to obtain a payment moratorium.  Kroulik's payment under the note is

19   $453.41 per month plus escrow for real property taxes and property insurance of approximately

20   $152.17 per month, subject to a reduction under a payment assistance agreement of $152.17 per

21   month, leaving her with a monthly payment of $453.41.  (Cronquist Decl., ¶ 5.)  Plaintiff Kroulik has

22   a history of making payments by check with insufficient funds in her bank account.  (*Id.* ¶ 7.)

23   Kroulik requested a payment moratorium pursuant to the appropriate regulations prior to October

24   19, 2004, she was mailed a moratorium application on November 3, 2004, RHS received an

25   incomplete moratorium application from Borrower on December 2, 2004, between December 22,

26   ORDER - 3

1  2004 and February 2, 2005 RHS made numerous attempts to have Kroulik complete her moratorium

2  application, which was finally rejected as incomplete on February 3, 2005.  Meanwhile, during the

3  application process, Kroulik's loan was placed on moratorium, in accordance with the applicable

4  regulations.  (Cronquist Decl. ¶¶10 – 17.)

5      Gene Elkin, Legal Liaison and Compliance Specialist of the Centralized Servicing Center for

6  Rural Housing Service (RHS) has control and access to all RHS records for borrowers in the State

7  of Washington, including the records of Deanne M. Kroulik, identified by Loan No. 82079252.

8      Mr. Elkin states in his Declaration that on July 18, 2006 he conducted a comprehensive

9  review of the system notes, correspondence, documents, and payment records, which together

10  comprise the history of the Kroulik loan on the USDA Rural Housing Service Loan Servicing and

11  Accounting system.  Mr. Elkin reviewed the document on which Kroulik relies and states that

12  although it is titled "Payment History," it is more accurately a transaction activity report for the 12-

13  month history (Elkin Decl. ¶ 5.).  It is inaccurate as a payment history because it contains credit

14  transactions that were not payments, such as loan closing costs and refunds of excess loan funds that

15  are credit transactions rather than payments, and it fails to account for payment transactions that

16  were reversed because the payment instrument was returned for reason of insufficient funds.  ( *Id.* ¶

17  7.)  Mr. Elkin then summarizes payments actually paid, a credit that Kroulik received, and $568.00

18  of undetermined origin that was posted as a payment.  ( *Id.* ¶¶ 10 & 11.)  Mr. Elkin attaches a copy

19  of the payment history that he directed to be prepared, and this is attached as Attachment # 3 to his

20  Declaration as a true and accurate statement of all payments credited to Kroulik's loan for the period

21  April 1, 2004 through July 21, 2006 and identifies the amount of arrearage as $10,849.41.  ( *Id.* ¶¶

22  12 and 13.)

23      To be entitled to injunctive relief, Kroulik must overcome this showing made by Defendants.

24  Kroulik relies, among other things, on a document titled "Payment History" that she received from a

25  teller working for the USDA Rural Housing Service Loan Servicing and Accounting System.

26  ORDER - 4

1  (Exhibit 4 to "Certified Statement of Deanne M. Kroulik.")  Kroulik also draws the Court's attention

2  to exhibits attached to the Cronquist Declaration in support of the Defendants' Opposition.  Therein,

3  at Paragraph 5, there is a statement that "Subject to the provisions of this agreement, the borrower

4  will pay 301.24 dollars per month for 24 months beginning 04/10/04."  Earlier in the document

5  (Cronquist Decl. Exhibit C, p. 2.) setting forth the monthly payment plan, there is an indication that

6  the monthly installment at note rate is $453.41, the monthly payment is $301.24, and monthly

7  payment assistance is $152.17.

8       Additional briefing has been filed by the parties, and the Court has reviewed these briefs and

9  accompanying documents.  The Second Declaration of Gene Elkin, submitted with the Defendants'

10  Additional Briefing Regarding Plaintiff's Payments clarifies how the monthly payment is calculated

11  and how the amounts to be paid each year for taxes and insurance are subject to change (Elkin

12  Second Decl. ¶ 10) and how a change in the payment assistance may also affect the monthly

13  payment.  ( *Id.* ¶ 25)   Paragraphs 18 and 19 are of particular note, following the explanation of the

14  determination of the Equivalent Interest Rate (EIR) that is used to determine the payment amount of

15  a borrower (such as Plaintiff Kroulik) eligible for subsidy or payment assistance. Thus, the difference

16  between the monthly payment of $453.41  under the full note rate of 6% and the monthly payment of

17  $301.24 at the EIR of 3% is $152..17, and this amount is the payment assistance Kroulik was

18  entitled to receive when the loan was originated.  Kroulik's monthly payment obligation was $301.24

19  principal and interest at the subsidy adjusted Equivalent Interest Rate of 3% **plus** the amount

20  required to be escrowed for taxes and insurance in the amount of $153.50 for a total monthly

21  payment of $454.74.  A borrower's payment amount may change from time to time owing to a

22  change in the escrow payment for taxes and insurance.  Monthly billing statements informing the

23  borrower of the amount due as well as any delinquent payment amounts that have been billed are

24  sent to the borrower fifteen days before their payment is due.  ( *Id.* ¶ 26)

25

26  ORDER - 5

1         In a letter dated October 20, 2004, in response to an inquiry made by Kroulik (Elkin Second

2    Decl., Ex. A.), she was informed of the Principal and Interest payment amount of $453.41 less the

3    subsidy payment of $152.17, leaving $301.24.  Kroulik was further informed that her account was

4    set up on escrow to pay her Real Estate Taxes and Homeowner Insurance Premium and that the

5    amount of her April 10, 2004 escrow payment was $153.50 making her payment amount due

6    $454.74 (301.24 + $153.50 = $454.74).  Kroulik was also informed that beginning with May the 10,

7    2004 payment, the monthly payment was $451.68 (301.24 + 150.44 = $451.68.)   Kroulik was also

8    informed in this October 20, 2004 letter of her payment history, including the amount received in

9    payments on the account, that certain checks received were reversed for non-sufficient funds and an

10   NSF fees were applied to the account.  ( *Id.* ) The letter also explained the late charges imposed.  (*Id.*

11   )

12        It therefore appears that the Defendants' arguments are well taken and that Plaintiff cannot

13   demonstrate a likelihood of success on the merits of this cause of action.  Consequently, Plaintiff is

14   not entitled to injunctive relief.

15                     **2.  Irreparable Harm**

16        There is no showing that the foreclosure will cause irreparable harm; there is only a statement

17   of this conclusion in Plaintiff's proposed order.  Plaintiff Kroulik devotes her argument to the alleged

18   miscalculation of her monthly payment.  Because Plaintiff has failed to make a substantial showing on

19   the merits of her claim, she is obligated to make a stronger showing of irreparable harm in order to

20   be granted injunctive relief.  Plaintiff has failed to make any showing of irreparable harm.   There is

21   no reason to grant the extraordinary relief of an injunction against the foreclosure on the showing

22   made by Kroulik.

23

24

25

26   ORDER - 6

**CONCLUSION**

Given that there is no dispute that Defendants have the authority to proceed with foreclosure pursuant to the Washington Deed of Trust Act, RCW 61.24; that Kroulik's payment history on her Loan No. 82079252 in the amount of $80,827.16, reflects that for the period of April 1, 2004 through July 21, 2006 the total amount of arrearage is $10,849.41; that Plaintiff Kroulik has made no showing of irreparable harm and that she has not demonstrated a likelihood of success on the merits, Plaintiff Kroulik is not entitled to injunctive relief preventing the Trustee's sale of the property in dispute.

NOW, THEREFORE, IT IS ORDERED: Plaintiff's Motion for An Order Restraining Trustee's Sale [Dkt. # 7] is DENIED.

DATED this 1st day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7